Argued February 25, reversed March 22, 1976

## HAMILTON, *Respondent,*
*v.*
## CONTINENTAL PACIFIC LINES, *Appellant.*
### (No. 418-352, CA 5245)
547 P2d 162

*Charles R. Holloway, III,* Portland, argued the cause for appellant. With him on the brief were Tooze, Kerr, Peterson, Marshall & Shenker, Portland.

*Raymond Conboy,* Portland, argued the cause for respondent. With him on the brief were Donald N. Atchison and Pozzi, Wilson & Atchison, Portland.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

FOLEY, J.

**FOLEY, J.**

Claimant, a 41-year-old bus driver and dispatcher, suffered a myocardial infarction which he claimed to be work-related. The referee and Workmen's Compensation Board both found that claimant had failed to prove that the heart attack was materially related to the claimed stress of his work. Upon review, the circuit court, without stating reasons, reversed the Board and "* * * found that claimant's claim was compensable * * *." This appeal by the employer resulted.

Claimant had been employed by Continental Pacific Lines for nearly three years. He was an extra board bus driver who filled in whenever another driver was needed. Extra board drivers are on call 24 hours a day but after a drive generally do not expect another call for 24 hours. Claimant was also employed as a part-time dispatcher, usually two days per week. As such, he worked from 8 a.m. to 6 p.m. and was on call 24 hours per day. This required more responsibility than driving. Claimant was characterized as a rather tense individual and the record reflects that he conscientiously assumed and carried out his work responsibilities.

Claimant suffered a myocardial infarction on February 24, 1974. He had resigned in writing and actually quit working as of February 16, 1974, nine days before his attack. During February he had not driven a bus and he had dispatched four days. During January he had worked as a bus driver all or part of seven days and had dispatched two days.

Claimant's treating doctor was A. V. Jackson, D.O., of Forest Grove, who had been claimant's physician for 20 years. Dr. Jackson testified that though he was in general practice, he was experienced in vascular diseases "which is my special interest." In January 1974 Dr. Jackson, who had been treating claimant for high blood pressure since 1972, advised claimant to "quit his work and change his lifestyle * * *." Claimant

[ 873 ]

then resigned February 16, 1974, "* * * to become effective immediately due to personal health." Dr. Jackson testified that it was his opinion that because of the stress he experienced in his employment, claimant's work situation was a material contributing factor to his myocardial infarction.

Dr. Wayne R. Rogers examined claimant July 16, 1974, and testified by deposition. As to his qualifications, he stated that he devoted all of his work time to the practice of cardiovascular disease and to the teaching of that subject. He had worked in this specialty area for 13 years and was a Diplomate of the American Board of Internal Medicine and the Cardiovascular Sub-Specialty Boards. His examination of claimant included a physical examination, chest X-rays, electrocardiograms at rest and after exercise, as well as hospital data from Forest Grove and copies of notes from Dr. Jackson.

While conceding that stress may in some situations cause coronary insufficiencies, Dr. Rogers testified that he did not believe claimant's work in this case was a material contributing cause of his heart attack. He testified on examination by the referee:

> "Well, in this case, we have to base our opinion on experience with others. If the worker were going to do it, why didn't he have the attack at the time of the major stress? Why did he have it nine days after the stress was over? Why didn't he have it in the busy season? His last busy season was December, early January. Why didn't he have the major attack then? As far as we know, he never had any trouble while driving or while under stress from telephone calls and so on. That is circumstantial evidence against it, but doesn't prove anything."

On cross-examination, Dr. Rogers was asked to state, if he were able, the cause of claimant's heart attack. He opined that it was a 90 per cent probability that claimant had prematurely developed coronary arteriosclerosis. Supporting factors, he thought, were hypertension and apparently elevated serum triglycerides. Another factor which he thought might be

involved was heavy smoking by claimant from age 12 to the date of the attack, up to three packs per day, as related to the doctor by claimant.

We conclude, as did the referee and the Workmen's Compensation Board, that claimant failed to prove by a preponderance of the evidence his claim, i.e., that the alleged stress was material to his myocardial infarction.

Reversed.